IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-144-D
No. 5:17-CV-110-D

| | |
|---|---|
| DESMOND FARMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On December 15, 2015, Desmond Farmer ("Farmer") moved to reduce his sentence under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and Amendment 782 [D.E. 61]. On February 23, 2017, Farmer moved to extend time to file a motion under 28 U.S.C. § 2255 [D.E. 64]. On March 1, 2017, Farmer moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 168-month sentence [D.E. 65]. On May 1, 2017, the government moved to dismiss Farmer's section 2255 motion [D.E. 69] and filed a memorandum in support [D.E. 70]. Farmer did not respond. As explained below, the court grants the government's motion to dismiss, dismisses Farmer's section 2255 motion, and denies Farmer's motion under 18 U.S.C. § 3582(c).

I.

On September 4, 2013, pursuant to a plea agreement, Farmer pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of phencyclidine ("PCP") in violation of 21 U.S.C. § 846. See [D.E. 23, 25]. On May 22, 2014, at Farmer's sentencing hearing, the court calculated Farmer's total offense level to be 33, his criminal history category to be III, and his advisory guideline range to be 168 to 210 months' imprisonment. See Sentencing Tr. [D.E. 55] 4–10. After thoroughly

considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Farmer to 168 months' imprisonment. See id. at 13–18.

Farmer appealed. On April 27, 2015, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Farmer, 599 F. App'x 525, 526 (4th Cir. 2015) (per curiam) (unpublished).

On March 1, 2017, Farmer filed his section 2255 motion [D.E. 65]. In his motion Farmer makes two claims concerning his sentence: (1) this court miscalculated his advisory guideline range; and (2) the court should not have included in the advisory guideline calculation the drug weight that Farmer described in an unprotected statement because Farmer was under the influence of percocet when he confessed. See id.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 320 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting

a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

Farmer's plea agreement contains a waiver of rights. See [D.E. 25] ¶ 2(c). In the waiver, Farmer agreed

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Farmer's Rule 11 proceeding and governing law, the waiver is enforceable. See Rule 11 Tr. [D.E. 56] 16–33; see also United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Farmer's claims concerning the court's calculation of his advisory guideline range fall within the waiver. Thus, the waiver bars the claims.

Alternatively, Farmer failed to raise these claims on direct appeal. Thus, the general rule of procedural default bars Farmer from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Farmer has not plausibly alleged "actual innocence" or "cause and

3

prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, the claims fail.

Alternatively, Farmer cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Mikalajunas, 186 F.3d at 495–96. Thus, the claims fail.

Alternatively, this court's alternative variant sentence defeats Farmer's arguments concerning the calculation of his advisory guidelines range. See Sentencing Tr. at 17 (citing United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012)). Thus, the claims fail.

After reviewing the claims presented in Farmer's motion, the court finds that reasonable jurists would not find the court's treatment of Farmer's claims debatable or wrong and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

On December 15, 2015, Farmer moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 61]. Farmer's new advisory guideline range on count one is 135 to 168 months' imprisonment, based on a total offense level of 31 and a criminal history category of III. See Resentencing Report. Farmer requests a 135-month sentence. See id.

4

The court has discretion under Amendment 782 to reduce Farmer's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Farmer's sentence, the court finds that Farmer engaged in serious criminal behavior. See PSR ¶¶ 13–17. Moreover, Farmer is a recidivist and has convictions for possession of a schedule II controlled substance, maintaining a vehicle, dwelling, or place for controlled substances, driving while impaired, and assault and battery of a family or household member. See id. ¶¶ 21–28. Farmer also has performed poorly on supervision. See id. ¶¶ 24–25. Farmer has taken some positive steps while incarcerated on his federal sentence, but sustained disciplinary infractions for possessing drugs/alcohol and being in an unauthorized area. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Farmer received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Farmer's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Farmer's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

5

III.

In sum, the court GRANTS Farmer's motion to extend time to file [D.E. 64], GRANTS the government's motion to dismiss [D.E. 69], DISMISSES Farmer's section 2255 motion [D.E. 65], DENIES a certificate of appealability, and DENIES Farmer's motion for reduction of sentence under 18 U.S.C. § 3582(c) [D.E. 61].

SO ORDERED. This _11_ day of June 2018.

JAMES C. DEVER III
Chief United States District Judge