IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-144-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DESMOND FARMER, ) | |
| ) | |
| Defendant. ) | |

On June 12, 2020, ("Farmer") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 86]. As explained below, the court denies Farmer's motion.

On September 4, 2013, pursuant to a plea agreement, Farmer pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of phencyclidine ("PCP") in violation of 21 U.S.C. § 846. See [D.E. 23, 25]. On May 22, 2014, at Farmer's sentencing hearing, the court calculated Farmer's total offense level as 33, his criminal history category as III, and his advisory guideline range as 168 to 210 months' imprisonment. See [D.E. 55] 4–10. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Farmer to 168 months' imprisonment. See id. at 13–18. Farmer appealed. See [D.E. 48]. On April 27, 2015, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Farmer, 599 F. App'x 525, 526 (4th Cir. 2015) (per curiam) (unpublished), cert. denied, 136 S. Ct. 794 (2016).

On December 15, 2015, Farmer moved to reduce his sentence under 18 U.S.C. § 3582(c). See [D.E. 61]. On March 1, 2017, Farmer moved to vacate, set aside, or correct his 168-month

sentence under 28 U.S.C. § 2255. See [D.E. 65]. On June 11, 2018, the court denied Farmer's section 3582(c) motion and dismissed Farmer's section 2255 motion. See [D.E. 72]. Farmer appealed. See [D.E. 74]. On October 26, 2018, the Fourth Circuit affirmed this court's judgment. See United States v. Farmer, 740 F. App'x 367, 368 (4th Cir. 2018) (per curiam) (unpublished), cert. denied, 139 S. Ct. 1463 (2019).

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical

2

conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 is not applicable where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, —F.3d—, 2020 WL 7050097, at *6–10 (4th Cir. Dec. 2, 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether any "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., id. at *9. In doing so, the court may consult U.S.S.G. § 1B1.13, but independently assesses the text of 18 U.S.C. § 3582(c)(1)(A)

---

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

and the section 3553(a) factors. See, e.g., id., at *6–10; United States v. Jones, No. 20-3071, 2020 WL 6817488, at *1–2 (6th Cir. Nov. 20, 2020); United States v. Gunn, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09-CR-336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Farmer seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Farmer cites the COVID-19 pandemic and his detached retina, back pain, migraine headaches, and high blood pressure. See [D.E. 86] 1.

As a preliminary matter, the court assumes without deciding that Farmer has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Although Farmer does not assert that he sought relief through Bureau of Prisons' administrative processes, the government has not invoked section 3582's exhaustion requirements to challenge Farmer's representations. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Farmer's claims on the merits.

The court assumes without deciding that Farmer's detached retina, back pain, migraine headaches, and high blood pressure, coupled with the COVID-19 pandemic constitute extraordinary and compelling reasons under section 3582(c)(1)(A). Even so, the section 3553(a) factors counsel against reducing Farmer's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Farmer engaged in serious criminal conduct as a drug trafficker in Wilson, North Carolina from at least 2008 to May 2013, and was personally responsible

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

for conspiring and possessing with intent to distribute 2,276 grams of PCP. See Presentence Investigation Report ("PSR") [D.E. 29] ¶¶ 13, 17; [D.E. 55] 6. Additionally, on April 14, 2013, Farmer led law enforcement officers on a high-speed vehicle chase which ended with officers having to break the windows of Farmer's vehicle and forcibly remove him from the car. See PSR ¶¶ 15, 17; [D.E. 55] 15. Moreover, Farmer is a recidivist and has convictions for possession of a schedule II controlled substance, maintaining a vehicle, dwelling, or place for controlled substances, driving while impaired, and assault and battery of a family or household member. See PSR ¶¶ 21–28; [D.E. 72] 5. Farmer also has performed poorly on supervision. See PSR ¶¶ 24–25 [D.E. 72] 5. Farmer has taken some positive steps while incarcerated on his federal sentence, but sustained disciplinary infractions for possessing drugs/alcohol and being in an unauthorized area. See [D.E. 72] 5; [D.E. 86] 1. Having considered the entire record, the section 3553(a) factors, Farmer's arguments, and the need to punish Farmer for his criminal behavior, to incapacitate Farmer, to promote respect for the law, to deter others, and to protect society, the court declines to grant Farmer's motions for compassionate release. See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

In sum, the court DENIES Farmer's motion for compassionate release [D.E. 86].

SO ORDERED. This 15 day of December 2020.

JAMES C. DEVER III
United States District Judge